FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 23 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JONATHAN BALLARD, individually and
on behalf of all others similarly situated                              PLAINTIFF

V.                      CASE NO. 3:22-CV-00127 JM

LAFONCE LATHAM D/B/A WILSON
FUNERAL HOMES                                                            DEFENDANT

This case assigned to District Judge  MOODY
and to Magistrate Judge  ERVIN

## COLLECTIVE ACTION COMPLAINT

COMES NOW Jonathan Ballard individually and on behalf of all others similarly situated, by and through his attorney Chris Burks of WH LAW, for his Collective Action Complaint against Lafonce Latham d/b/a Wilson Funeral Homes, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Jonathan Ballard individually and on behalf of all other hourly-paid employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

## II. JURISDICTION AND VENUE

4.  The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.  Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6.  Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.  The acts complained of herein were committed and had their principal effect within the Northern Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.  Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9.  The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.  On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

11.  Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.  Plaintiff is a resident and citizen of Mississippi County.

13. Plaintiff Jonathan Ballard was employed by Defendant as an hourly-paid employee within the three years relevant to this lawsuit.

14. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

15. Defendant Lafonce Latham is an individual residing in the Northern Division of the Eastern District of Arkansas.

16. Defendant Lafonce Latham is the principal, director, and operator of Wilson Funeral Homes, which has multiple locations in Mississippi County, Arkansas and Poinsett County, Arkansas.

17. Lafonce Latham can be served at 1323 W. Keiser, Osceola, AR 72370.

18. Defendant Lafonce Latham d/b/a Wilson Funeral Homes is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

19. Defendant Lafonce Latham d/b/a Wilson Funeral Homes is a provider of funeral, burial, and cremation services.

20. During the time period relevant to this case, Plaintiff was employed at Defendant Lafonce Latham d/b/a Wilson Funeral Homes' location in Osceola, Arkansas.

21. Defendant Lafonce Latham d/b/a Wilson Funeral Homes has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as equipment used in funerary or cremation procedures.

22.     Defendant Lafonce Latham d/b/a Wilson Funeral Homes' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV.   FACTUAL ALLEGATIONS

23.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

24.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly-paid employee

25.     Plaintiff and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

26.     Plaintiff and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

27.     Plaintiff was paid $600.00 a week for working a standard forty-hour week.

28.     When Plaintiff worked between forty-one (41) hours and forty-nine (49) hours in a week, he received the same pay of $600.00 a week.

29.     Plaintiff was not paid a lawful overtime premium for hours worked over forty (40) in a workweek.

30.     When Plaintiff worked over fifty (50) hours in a workweek, he received pay for hours over fifty (50) at a rate of $16.50 an hour.

31.     Plaintiff was classified as non-exempt as a result of receiving an overtime rate for some of his hours worked over forty (40) in a workweek.

32. Defendant is in violation of FLSA and AMWA as a result of his failure to pay non-exempt hourly paid employees a lawful overtime premium rate for all hours they worked over forty (40) in a workweek, and for making illegal deductions to Plaintiff's paychecks.

33. Defendant's policy had the effect of establishing fifty (50) hours as a benchmark for employees to receive a lawful overtime premium rate for the hours they worked, instead of forty (40) hours as regulated by FLSA and AMWA.

34. Plaintiff worked for Defendant at Defendant's funeral home in Osceola and Defendant's pay practices were the same for all hourly workers at his Arkansas funeral homes.

35. Defendant knew or showed reckless disregard for whether the way they paid Plaintiff and other hourly-paid employees violated the FLSA and AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

36. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

37. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff brings his FLSA claims on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.   Liquidated damages; and

C.   Attorneys' fees and costs.

39.   The relevant time period dates back three years from the date on which Plaintiff's Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40.   The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.   They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.   They were paid hourly rates;

C.   They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week by failing to pay a lawful overtime premium rate for hours worked between forty (40) and forty-nine (49) in a workweek, instead paying Plaintiff an overtime premium rate only for hours worked over fifty (50) in a workweek.

41.   Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 40 persons.

42.   Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their

last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

43. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

44. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

45. During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

46. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

47. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's practice of treating fifty (50) hours as the benchmark for receiving a lawful overtime premium rate, and failing to pay Plaintiff for hours worked between forty (40) and fifty (50) in a workweek.

48. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

49. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

51. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

52. Plaintiff brings this collective action on behalf of all hourly-paid employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

53. Plaintiff bring this action on behalf of herself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

54. During the period relevant to this lawsuit, Defendant classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

55. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly

situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

56. In the past three years, Defendant has employed hundreds of hourly-paid employees.

57. Like Plaintiff, these hourly-paid employees regularly worked more than forty (40) hours in a week.

58. Defendant failed to pay these workers at the proper overtime rate.

59. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

60. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

63. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

64. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

65. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

66. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

67. Defendant failed to pay Plaintiff all overtime wages owed as required under the AMWA.

68. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's practice of treating fifty (50) hours as the benchmark for receiving a lawful overtime premium rate, and failing to pay Plaintiff for hours worked between forty (40) and fifty (50) in a workweek.

69. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

70. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

71.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jonathan Ballard respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)     That Defendant be required to account to Plaintiff, collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

(B)     A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)     A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F)     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all

unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

(H)   Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

(I)   An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J)   Such other and further relief as this Court may deem necessary, just and proper.

                              Respectfully submitted,

                              **Jonathan Ballard, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

                              WH Law | We Help
                              1 Riverfront Pl. – Suite 745
                              North Little Rock, AR 72114
                              (501) 891-6000

By:    *Chris Burks*
         Chris Burks (ABN: 2010207)
         chris@wh.law